[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the court finds as follows: CT Page 9782
The plaintiff and defendant, whose maiden name was Godin, intermarried at Groton, Connecticut on May 28, 1987; that the plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there are no minor children issue of the marriage; that there were no other minor children born to the plaintiff since the date of the marriage of the parties; that the marriage has broken down irretrievably and that there is no hope of reconciliation.
The plaintiff claims that the cause of the breakdown in their marriage was due to the defendant closing her checking account on September 23, 1998 leaving her without any money; that defendant criticized plaintiff for her gaining weight and called her a fat slob, that although plaintiff knew that the defendant had sexual problems, he promised to care for her and that she would be able to travel extensively, and that he did not keep his promises.
The defendant claims that the plaintiff traveled a good deal leaving him alone; that they separated five to seven years ago; that he never knew where she was for five years; that he denied any agreement or promises as plaintiff testified to.
Based on the above it is clear that the marriage has irretrievably broken down without any hope for reconciliation. I find that the plaintiff was more at fault for the breakdown than was the defendant.
The plaintiff, who was born on March 22, 1957, appears to be in good health except for a 25% disability in her back. She graduated from a university in New Hampshire with a Bachelor's Degree in Science Human Services. She is a licensed therapist in Connecticut and Florida. Notwithstanding her education, plaintiff was employed at the docks as a deckhand and part-time cook. It was there that she met the defendant in 1986. Plaintiff's future employment will depend on what motivates her.
The defendant, who was born June 6, 1928, has emphysema. While employed he was a commercial airline pilot for American Airlines. He retired June 6, 1988, one year after his marriage to the plaintiff.
The defendant has an IRA, most of which accrued prior to his marriage to the plaintiff. He receives $500 per week from the IRA. He also receives from Social Security $200 per week. He also CT Page 9783 engages in painting portraits for a commission and other types of paintings.
The defendant also owns a 72 ft. fishing schooner cargo boat which he acquired prior to the marriage. During the marriage defendant put approximately $50,000 in improvements and repairs to the boat. Although it has been for sale for four years at the asking price of $45,000 or best offer, it has not been sold.
As indicated above, the court finds that the parties were equally at fault for the breakdown of their marriage. A decree dissolving the marriage is awarded to the parties. After considering the factors in Connecticut General Statutes §§46b-62, 81 and 82, the following orders are entered:
1. The defendant shall pay to the plaintiff $200 alimony per week for a period of two years, non-modifiable as to term and amount. Said alimony shall sooner terminate on plaintiffs death, remarriage or cohabitation with an unrelated male.
2. No alimony is awarded to the defendant.
3. The defendant shall own all his paintings without any claim by the plaintiff. He shall pay to her the sum of $10,000 within 90 days of this agreement. He shall also own the schooner and his bank accounts free of any claim from the plaintiff.
4. The defendant shall keep his IRA account. He shall pay $7,500 to the plaintiff within 60 days.
5. Each party shall own the automobile listed on their financial affidavit.
6. The plaintiff shall keep her own jewelry and her household furnishings free of any claim by the defendant.
7. Each party shall pay the debts listed on their respective financial affidavits.
8. The defendant shall pay to the plaintiff attorney's fees of $2,500 within 30 days.
Vasington, JTR CT Page 9784